SEARS, ROEBUCK AND CO. *vs.* STATE TAX COMMISSION
(and a companion case[1]).

Suffolk.   February 5, 1976. — April 9, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Appellate Tax Board,* Appeal, Jurisdiction.   *Taxation,* Sales and use tax, Exemption, Advertising supplements to newspapers.

The Appellate Tax Board had no jurisdiction of an appeal from a refusal of the State Tax Commission to abate sales and use taxes assessed for thirty-six months which was not taken within ninety days after notice of the commission's decision as required by G. L. c. 64H, § 22, and c. 64I, § 23, but which was instituted thereafter by amendment to a timely appeal respecting an earlier month, and dismissal of the tardy appeal was affirmed. [129-130]

Advertising supplements, printed for a retail store by commercial printers and shipped by them to newspapers and inserted into editions designated by the store and distributed with the newspapers, and bearing the newspaper's logo and date, were exempt as "Newspapers" under G. L. c. 64H, § 6 (*m*) and c. 64I, § 7 (*b*), from the sales tax and use tax. [130-132]

APPEAL from a decision of the Appellate Tax Board.

*Mark A. Michelson* (*Andrew J. Newman* with him) for the taxpayers.

*Margot Gardner Botsford,* Assistant Attorney General

---

[1] Raymond's, Inc. *vs.* State Tax Commission.

(*Howard Whitehead*, Assistant Attorney General, with her) for the State Tax Commission.

*James C. Heigham*, for Massachusetts Newspaper Publishers Association, amicus curiae, submitted a brief.

BRAUCHER, J. The Appellate Tax Board (board) has upheld the imposition of use taxes on advertising supplements inserted into Massachusetts newspapers and distributed with them. The taxpayers operate retail stores in Massachusetts; they arranged for the printing of the supplements by printers outside Massachusetts and for the shipment of the supplements to the newspapers. We hold that the advertising supplements were parts of "newspapers," not subject to sales or use taxes under G. L. c. 64H, § 6 (*m*), and c. 64I, § 7 (*b*). We therefore reverse the decision of the board.

The parties to the case of Raymond's, Inc., stipulated that the board's decision in the Sears, Roebuck and Co. (Sears) appeal would apply. We summarize the facts of the Sears case as shown in the board's findings and the agreed facts and exhibits. The Commissioner of Corporations and Taxation gave Sears notices of intention dated February 2, 1972, to assess a deficiency of sales or use taxes for thirty-seven months — the month of November, 1968, and the thirty-six month period of January, 1969, through December, 1971. Notices of assessment dated April 27, 1972, followed, for a total of some $38,000 plus about $4,000 interest. On August 2, 1972, Sears filed a timely application for abatement for November, 1968, which was denied by the State Tax Commission (commission) by notice dated December 4, 1972. Sears filed its appeal petition with the board on January 4, 1973. On October 10, 1973, Sears filed with the commission applications for abatement for the other thirty-six months, which were denied by notice dated October 12, 1973. On February 11, 1974, Sears filed with the board a motion to amend its original appeal petition to include appeals from the denials for all thirty-seven months; that motion was allowed on April 9, 1974.

The assessment was on the price paid by Sears to commercial printers within and without Massachusetts for advertising supplements and circulars. The circulars were procured for distribution to Sears stores in Massachusetts, and Sears admits their taxability. The supplements, pursuant to separate contracts between Sears and the printer and between Sears and the newspaper, bore the newspaper's logo and the date of the newspaper edition, and were shipped by the printer to the newspaper by common carrier. The newspaper inserted the supplements into the designated edition and distributed them with the newspapers.

The board ruled that it lacked jurisdiction over Sears's appeal with respect to January, 1969, through December, 1971. With respect to November, 1968, the board ruled that the advertising supplements were not "newspapers" within the exemption from sales tax in G. L. c. 64H, § 6 (*m*), for sales of newspapers. Most of the supplements, over ninety-eight per cent, were printed outside Massachusetts, but were ruled to be subject to use tax under the definitions of "purchaser" and "use" in G. L. c. 64I, § 1 (2), (3), (5).

1. *Jurisdiction.* A preliminary question is presented as to the board's jurisdiction over Sears's appeal with respect to January, 1969, through December, 1971, since no appeal to the board was taken within ninety days after notice of the commission's decisions with respect to those months, as required by G. L. c. 64H, § 22, and c. 64I, § 23.

Sears's appeal petition with respect to November, 1968, was timely filed. Sears could, as it did, seek abatement of its tax with respect to only one month. See G. L. c. 64H, §§ 9, 15 (*b*), 19 (*a*), 20, 22, and c. 64I, §§ 11, 16 (*b*), 20 (*a*), 21, 23. The appellants argue that the board had discretion, under rule 14 of its rules of practice and procedure,[2]

---

[2] Rule 14, promulgated under G. L. c. 58A, § 8, provides in part: "Either party may amend his pleading, at any time before the decision of the Board, by consent of the adverse party or by leave of the Board."

to allow Sears's motion to amend the petition to include January, 1969, through December, 1971. Cf. *Walsh* v. *Curcio*, 358 Mass. 819 (1971). Neither the board nor this court, however, can create an exception to the time limit specified by the statutes. *William Rodman & Sons* v. *State Tax Comm'n*, 364 Mass. 557, 559 (1974). See *DaLomba* v. *Director of the Div. of Employment Security*, 369 Mass. 92, 96-97 (1975). The attempted institution of an appeal after the statutory period has expired is "so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal." *Shulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 79-80 (1975), and cases cited. The board's ruling that it lacked jurisdiction over Sears's appeal with respect to January, 1969, through December, 1971 was correct.

2. *"Newspapers."* Under G. L. c. 64H, § 6 (*m*), sales of "newspapers" are exempt from sales tax, and under G. L. c. 64I, § 7 (*b*), use of property by the purchaser is exempt from use tax if the sale is exempt from sales tax. The board said that if the advertising material of Sears had been "printed directly by the newspapers involved and sold to the public as part of the melange of news accounts, editorial opinion, sports stories, advice and gossip columns, advertising, comics etc., commonly understood in modern times by the generic term 'newspaper,' there is little doubt that the transaction would have escaped taxation," citing *Friedman's Express, Inc.* v. *Mirror Transp. Co.*, 71 F. Supp. 991 (D.N.J. 1947), aff'd, 169 F.2d 504 (3d Cir. 1948). We agree, and we think the fact that the advertising supplements were not printed directly by the newspapers does not change the result.

The *Friedman's Express* case involved an exemption from the Interstate Commerce Act for motor vehicles used exclusively "in the distribution of newspapers." Vehicles carrying comic sections of newspapers were held to be within the exemption, even though the comic sections were printed in a separate plant and transported from the printer to the newspaper and its wholesale outlets in delivering them to retailers who assembled the comic sections

with other portions of the newspapers. The District Court judge said, "There is no warrantable limitation on a newspaper publisher as to where the parts of his paper may be composed and reduced to visual condition or who shall do it for him." 71 F. Supp. at 992. The appellate court said, "We think that Congress did not intend to make a fine-spun distinction between the distribution of newspapers and parts or sections of newspapers." 169 F.2d at 507. Cf. *R.C. Motor Lines, Inc.* v. *Herndon,* 63 M.C.C. 417, 419 (1955) (magazine supplements for newspapers).

The sales in question in the present cases are claimed to be sales of the advertising supplements by the printers to the retailer-taxpayers. The asserted use is the retailers' subsequent "exercise of any right or power" over the supplements "incident to the ownership" of them, going beyond their "sale . . . in the regular course of business." G. L. c. 64I, § 1 (5), as appearing in St. 1967, c. 757, § 2. Assuming, without deciding, that there were such sales and subsequent use, we think the sales were sales of "newspapers" under G. L. c. 64H, § 6 (*m*), and that the subsequent use was exempt from use tax under G. L. c. 64I, § 7 (*b*).

We are confirmed in our reading of the statute by the obvious intention of the Legislature to free newspapers of a large part of the burden of sales and use taxes. In addition to G. L. c. 64H, § 6 (*m*), exempting sales of newspapers, §§ 1 (12) (*f*), 6 (*r*) and 6 (*s*), exclude or exempt certain purchases by newspapers. Cf. *Courier Citizen Co.* v. *Commissioner of Corps. & Taxation,* 358 Mass. 563, 569 (1971), where we said "there is no requirement that this type of exemption be interpreted narrowly." Cf. *McClure Newspapers, Inc.* v. *Department of Taxes,* 132 Vt. 169, 175 (1974). A tax on the advertising revenue of newspapers could have a devastating effect on First Amendment freedoms. See *Grosjean* v. *American Press Co.,* 297 U.S. 233, 251 (1936); *Times-Picayune Publishing Co.* v. *United States,* 345 U.S. 594, 604 (1953); *Mayor & City Council of Baltimore* v. *A.S. Abell Co.,* 218 Md. 273, 288-289 (1958). In the present cases the taxpayers are retailers,

but no showing is made that the economic impact differs from that of a tax directly on the newspapers.

3. *Other issues.* In view of our decision that the "newspaper" exemption is available, we do not consider possible exemption under G. L. c. 64H, § 6 (*r*), as appearing in St. 1971, c. 555, § 45, for sales of "materials ... which become an ingredient or component part of tangible personal property to be sold ...." Nor, as to the advertising supplements printed outside Massachusetts, do we consider whether there was "storage, use or other consumption" by the retailers in the Commonwealth within G. L. c. 64I, § 2, as appearing in St. 1967, c. 757, § 2. "Use" is defined in § 1 (5), as appearing in St. 1967, c. 757, § 2, as "the exercise of any right or power over tangible personal property incident to the ownership of that property," but "it does not include the sale of that property in the regular course of business."

4. *Disposition.* The decision of the Appellate Tax Board dismissing Sears's appeal with respect to the months of January, 1969, through December, 1971, is affirmed. The decisions are reversed as to Raymond's, Inc., and as to Sears for the month of November, 1968. The cases are remanded to the board for further proceedings consistent with this opinion.

*So ordered.*