DAILY RECORD COMPANY, d/b/a Mid-America Printing Company, Petitioner,

v.

Ray S. JAMES, Director of Revenue, State of Missouri, Respondent.

and

Ray S. JAMES, Director of Revenue, State of Missouri, Petitioner,

v.

DAILY RECORD COMPANY, d/b/a Mid-America Printing Company, and The Administrative Hearing Commission of Missouri, Michael C. Horn, Commissioner, Respondents.

No. 63245.

Supreme Court of Missouri, En Banc.

March 9, 1982.

Rehearing Denied April 6, 1982.

Alan C. Kohn, Terry Lueckenhoff, St. Louis, for petitioners.

John Ashcroft, Atty. Gen., Madeleine O. Birmingham, Asst. Atty. Gen., Jefferson City, for respondents.

Robert C. Smith, William Jay Powell, Columbia, for amicus curiae.

SEILER, Judge.

Pursuant to § 161.337, RSMo 1978,[1] Daily Record Company and the Director of Revenue have both petitioned for review of a decision of the Administrative Hearing Commission. This court has jurisdiction because construction of state revenue laws, §§ 144.020.1 and 144.030.3(7) (currently codified at § 144.030.2(8), RSMo Supp.1981), is involved. Mo.Const. art. V, § 3.

The facts in this case are undisputed. Daily Record Company is a newspaper publishing corporation which also engages in the commercial printing business as Mid-America Printing Company. A large percentage of Mid-America's income (35%) is derived from printing advertising supplements for incorporation into and distribution as parts of newspapers.

A business which chooses to advertise by means of a newspaper advertising supplement may have such a supplement printed by the newspaper, or by a commercial printer. The advantage to an advertiser of a commercial printer is its ability to print a high quality, attractive product in great quantity. If the advertiser has the supplement printed by a commercial printer, the supplement is printed to the advertiser's specifications and then shipped by the printer directly to the newspapers which will incorporate and distribute the supplement. The advertiser is billed by the printer for the printing charges and by the newspapers for the advertising charges. The advertising supplements in the case before us were handled in this manner. If the supplement is printed by the newspaper, the supplement is printed to the advertiser's specifications. The advertiser is billed by the newspaper for the printing and advertising charges. No sales tax is imposed on this latter transaction. Publishers and sellers of newspapers are not subject to sales tax because newspapers are considered to be a nontaxable service, not a sale of tangible personal property. 12 C.S.R. 10–3.110(1) (1981).[2] The newsprint used in printing newspapers is exempt from sales tax. Section 144.030.3(7).

In 1978, the director of revenue assessed sales tax of $238,110.33 against Daily Rec-

---

1. All statutory references are to RSMo 1978 unless indicated otherwise.

2. Publishers of newspapers are not engaged in the business of selling tangible personal property but are providing the dissemination of news to the general public resulting in a service not subject to the sales tax. Persons selling newspapers on a subscription basis, newsstand, or otherwise, are not subject to sales tax.
12 C.S.R. 10–3.110(1)(1981).
A newspaper is defined by the Department of Revenue as follows:

In order to constitute a newspaper, the publication must contain at least the following elements: it must be published at stated short intervals, usually daily or weekly; it must not, when its successive issues are put together, constitute a book; it must be intended for dissemination of news to the general public; it must contain matters of general interest and reports of current events; and it must generally be in sheet form.
12 C.S.R. 10–3.112(1) (1981).

ord on the purchase price of the newspaper advertising supplements which Mid-America had printed for Schnucks, Famous Barr, and Venture stores in 1976, 1977, and 1978.[3] Mid-America had not collected sales tax on the printing costs of these supplements because the advertisers had claimed entitlement to the newspaper exemption. Mid-America did, however, collect sales tax on printed advertising materials which were not to be inserted into newspapers. Daily Record petitioned the Administrative Hearing Commission for review of the director's decision contending that by taxing the advertising supplements the director had improperly interpreted § 144.020.1, which provides in part:

A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state.

The Administrative Hearing Commission affirmed in part and reversed in part the director's decision. The Commission concluded that an advertising supplement is an integral part of the newspaper. But, it also found that there were two transactions when the advertising supplement was printed by a commercial printer. "In the first transaction, the advertiser purchases the supplements from Petitioner; in the second transaction, Petitioner delivers the supplements to the newspaper for distribution to the general public. The first transaction results in tax liability; the second transaction is a nontaxable service." The Commission held that "Petitioner should pay sales

tax on the purchase of the finished produce, *less* a percentage of that tax equal to the percentage of the 'newsprint' component in the finished product, *provided* that the finished product (advertising supplement) is later incorporated into a newspaper."

Daily Record petitions this court for review, contending on statutorial and constitutional grounds that the Commission erroneously interpreted and applied § 144.020.1 in concluding that any part of the sales price of the advertising supplement is a sale of tangible personal property. The director of revenue in his petition for review argues that the decision of the Commission is erroneous in holding that an advertising supplement is an integral part of a newspaper and thus entitled to the newsprint exemption authorized by § 144.030.3(7). In his brief and in oral argument, the director conceded that if the advertising supplement is an integral part of a newspaper, it is not subject to sales tax and is entitled to the newsprint exemption. Therefore, resolution of this case requires determining whether an advertising supplement is a "newspaper."

A decision of the Administrative Hearing Commission "shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record, ... and if the approval or disapproval of the exercise of authority in question by the administrative hearing commission does not create a result or results clearly contrary to that which the court concludes were the reasonable expectations of the general assembly at the time such authority was delegated to the agency." Sec-

---

**3.** Prior to 1978, the director of revenue had not attempted to collect sales tax from the printers of newspaper advertising supplements. Department of Revenue, Rule 72 (revised as of August 13, 1972) interpreted § 144.020.1 in part as follows:

Purchasers of trade publications, advertising circulars, brochures and pamphlets who distribute same gratis or otherwise to customers or other persons, are required to remit sales tax to the printers who in turn are directly liable to the director for the payment of Missouri sales/use tax.

Rule 72 was replaced by 12 C.S.R. 10–3.342 (effective March 30, 1976, rescinded December 11, 1980) which provided in part:

Publishers or printers of advertising circulars, brochures, and pamphlets or other published matter who distribute these gratis or otherwise to customers or other persons, are subject to the sales tax on the gross receipts from all such sales.

This was in turn replaced by 12 C.S.R. 10–3.-114 (1981) (effective January 1, 1981), which interprets § 144.020.1 consistently with the position the director is urging in the instant case.

Publishers of advertising materials are subject to the sales tax on the gross receipts from the sale of all such publications whether sold to be inserted into newspaper or otherwise.

tion 161.338. Both parties argue that the commission incorrectly interpreted and applied the law. Administrative agency decisions based on the agency's interpretation of law "are matters for the independent judgment of the reviewing court, and correction where erroneous." *St. Louis County v. State Tax Commission*, 562 S.W.2d 334, 337–38 (Mo. banc 1978).

█ The identical question, whether an advertising supplement is a "newspaper", was raised in *Sears, Roebuck & Co. v. State Tax Commission*, 370 Mass. 127, 345 N.E.2d 893 (1976). In *Sears*, taxpayer had been assessed use taxes on advertising supplements which had been prepared by commercial printers for insertion into newspapers. The Massachusetts court, holding that such supplements were parts of newspapers not subject to sales or use taxes, reversed the tax board. By statute, Mass.Gen.Laws Ann. ch. 64H, § 6(m) (West 1978), sales of newspapers are exempt from sales tax. The purchaser of sales tax exempt property enjoys the same exemption from the use tax. Mass.Gen.Laws Ann. ch. 64I, § 7(b) (West 1978). The tax board had found that if similar advertising supplements had been published by the newspaper which distributed them, the taxpayer would not have been subject to the use tax. The *Sears* court concluded that the fact the supplements "were not printed directly by the newspapers does not change the result." *Id.* 345 N.E.2d at 895.

The Massachusetts court relied on the description of a newspaper in *Friedman's Express, Inc. v. Mirror Transportation Co.*, 71 F.Supp. 991 (D.N.J.1947), *aff'd*, 169 F.2d 504 (3d Cir. 1948). In *Friedman's Express*, the issue was whether motor carriers used to transport comic sections from the printer to the newspaper were entitled to the Interstate Commerce Act exemption for motor vehicles "used exclusively for distribution of newspapers." The court, in holding that the exemption applied, defined a newspaper:

> The present-day newspaper, in addition to carrying "items of general news interest", contains enormous quantities of ad-

vertising, political comment, chess problems, cross word puzzles, what are called (and very often with lamentable inaccuracy) comics, and special features of unending variety. The sum total is known as a newspaper, and generally regarded as such. . . . Enormous amounts of advertising are the main source of revenue of dailies, weeklies and monthlies. . . .

> All of this melange is contained in what are known as special sections of the paper. . . . Each section is thus an integral part of the newspaper, made so not because it is physically folded in a news section, but because it has assumed the character of the journal of which it is a part; . . .

*Id.* at 991–92.

The Administrative Hearing Commission in reaching its decision had found two transactions, the first of which was taxable. A similar contention was discussed in *Friedman's Express*. There the court stated that, although the comic section was printed separately, it was a part of the newspaper from the time it was printed. "[I]t is not yet placed in physical contiguity with the rest of its fellow parts that go to make up the modern intelligencer. It has no character of its own, nor is it intended for sale separate from the balance of the newsprint with which it makes up the journal." *Id.* at 992. The same can be said of the newspaper advertising supplement. The advertiser orders the supplement solely to be incorporated into a newspaper. That supplement has no character of its own. The newspaper advertising supplement is part of a newspaper when printed. In actuality, there is but one continuous transaction.

The conclusion of the Massachusetts court in *Sears Roebuck & Co. v. State Tax Commission, supra*, although based on a statute, is equally sound in this case. Missouri's sales tax statute, § 144.020.1, has long been interpreted not to apply to newspapers which disseminate news, a nontaxable service. An advertising supplement, which is printed solely to be inserted into a newspaper and, in fact, is distributed in the news-

paper, is an integral part of that newspaper from the time it is printed and is entitled to the same exemption from the sales tax as is the remainder of a newspaper. Furthermore, the newsprint used to print such advertising supplement is tax exempt. Section 144.030.3(7).

The decision of the Administrative Hearing Commission that there are two transactions, the first of which is taxable, is reversed. The decision that the newsprint used in printing said supplement is exempt from taxation is affirmed. The cause is remanded for proceedings consistent with this opinion.

DONNELLY, C. J., and WELLIVER, MORGAN and HIGGINS, JJ., concur.

RENDLEN, J., dissents.

BARDGETT, J., dissents in separate opinion filed.

BARDGETT, Judge, dissenting.

I respectfully dissent.

I am uncertain that whether an advertising supplement has a "character of its own" is at all decisive of this case but, in any event, the statement to the contrary in the principal opinion is incorrect. The advertising supplements printed by petitioner which were not used in newspapers were used by the advertising customer—the merchant— as advertising pieces in the customer's store. This was stated in oral argument, agreed to by all parties, and is not unusual. I have no doubt that an "advertising supplement" becomes an integral part of the newspaper when folded into and sold as part of the newspaper. Nevertheless, so does the ink used in printing, but the newspaper must pay sales tax when it purchases ink and some other items that go into the makeup of a newspaper.

The fact that the Daily Record is a newspaper publishing company is of no consequence in this case, and that also was stipulated during oral argument. The business transaction sought to be taxed does not even involve a newspaper; the transaction is between the merchant and a printer. For example, the merchant agrees to pay the printer $1,000 to print 10,000 advertising pieces consisting of four pages each. The printer prints them and is paid the $1,000. The question is whether the merchant is required to pay the printer the sales tax under § 144.020, and the printer required to collect it from the merchant.

There is no statute affording the foregoing transaction any exemption from the sales tax. The sale of a *newspaper* to a customer has been held to be *not* the sale of tangible personal property but rather a "service", and therefore not a sales taxable transaction. Furthermore, the sale of newsprint used in printing newspapers is an exempt transaction under § 144.030.3(7), RSMo 1978 (now § 144.030.2(8), RSMo Cum. Supp.1981).

In the previous example if the merchant receives his 10,000 advertising pieces and distributes them or uses them in his store, the transaction is admittedly subject to the sales tax. But, *if* the merchant has the advertising pieces delivered to a newspaper to be sold with the paper, then the transaction between the merchant and the printer becomes nontaxable even though the newspaper is not a party to that transaction at all. Of course, the merchant will pay the newspaper for carrying his advertising, but that is not the transaction involved in this case.

I believe the Administrative Hearing Commission's order was correct and should be affirmed. The commission's relevant finding and conclusion are set forth on page 350 of the principal opinion. That determination exempts the value of the newsprint from the taxable sale because newsprint used in newspapers is specifically exempt from sales tax, but it requires the tax to be paid on the remaining sum due from the merchant to the printer. The taxable event was the sale between the merchant and the printer; there is no statutory exemption for that transaction. I would affirm the decision of the commission.