Ray S. JAMES, Director of
Revenue, Petitioner,

v.

MARS ENDERS, INC.

and

Administrative Hearing Commission,
Michael C. Horn, Commissioner,
Respondents.

and

MARS ENDERS, INC., Petitioners,

v.

Ray S. JAMES, Director of Revenue,

and

Administrative Hearing Commission,
Michael C. Horn, Commissioner,
Respondents.

No. 62985.

Supreme Court of Missouri,
En Banc.

March 9, 1982.

Rehearing Denied April 6, 1982.

John Ashcroft, Atty. Gen., Madeleine Bir-
mingham, Asst. Atty. Gen., Jefferson City,
for Ray S. James.

Donald H. Whaley, Clayton, for Mars
Enders et al.

SEILER, Judge.

Pursuant to § 161.337, RSMo 1978,[1] Mars
Enders, Inc. and the Director of Revenue
have both petitioned for review of a deci-
sion of the Administrative Hearing Com-
mission. This court has jurisdiction because
construction of state revenue laws, §§ 144.-
020.1 and 144.030.3(7) (currently codified at
§ 144.030.2(8), RSMo Supp.1981), is in-
volved. Mo.Const. art. V, § 3.

Taxpayer Mars Enders, Inc. is a Missouri
corporation engaged in the retail hardware
business. As part of its advertising pro-
gram, Mars Enders contracted with Nord-
mann Printing Co. to print advertising sup-
plements which were delivered by Nord-
mann to St. Louis area newspapers to be
distributed as part of the newspapers.
Taxpayer was not charged and did not pay
sales tax to Nordmann on the printing
charges because it claimed the advertising
supplements were newspapers and not sub-

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

ject to sales tax. Section 144.020.1; 12 C.S.R. 10–3.110(1) (1981). The director of revenue, on the basis of his rule 12 C.S.R. 10–3.114(2), assessed sales tax of $6,168.13 against Mars Enders based upon the printing costs of the newspaper advertising supplement paid to Nordmann Printing.[2] Taxpayer, pursuant to § 144.261, appealed this assessment to the Administrative Hearing Commission.

The Administrative Hearing Commission found that the cost to Mars Enders of the supplements printed by Nordmann was a sale of tangible personal property within the meaning of § 144.020.1 and thus subject to sales tax. It upheld the director's assessment of sales tax on the price paid, but also held that the newsprint exemption of § 144.030.3(7) was applicable because the supplements were an integral part of the newspaper.

The director filed a petition for review in this court alleging that the Commission's conclusion was erroneous in finding that Mars Enders was entitled to the newsprint exemptions § 144.030.3(7), in that a supplement is not an integral part of the newspaper. Mars Enders also filed a petition for review in which it alleged the Commission's decision was erroneous in concluding that the supplements were not "newspapers" within the interpretation set forth in 12 C.S.R. 10–3.110(1) (1981) and thus subject to sales tax. Section 144.020.1. The director filed his petitioner's brief to which Mars Enders filed a respondent's brief in which it briefed the points raised in its petition for review. Mars Enders, however, did not file a separate petitioner's brief. The director of revenue filed a motion to strike Mars Enders' brief, to dismiss Mars Enders' appeal, and to order Mars Enders to file a proper respondent's brief in accordance with Rule 84.04(j).

■ Rule 84.08 provides in part that "[i]f a party fails to comply with any of the rules of appellate procedure and the court does not excuse the same, the court shall, after notice, dismiss the appeal *or take such action as justice requires.*" (Emphasis added). The issues have been raised and have been briefed adequately. The director has not been prejudiced by Mars Enders' failure to file both a respondent's and a petitioner's brief as required by Rule 84.04. The director's motion is overruled.

■ For the reasons stated in *Daily Record Co. v. James,* 629 S.W.2d 348, also decided today, the decision of the Administrative Hearing Commission is reversed in part and affirmed in part. The printing costs of those advertising supplements which are · printed to be distributed as part of a newspaper and which are, in fact, distributed as part of a newspaper, are not sales of tangible personal property or services within the meaning of § 144.020.1. The newsprint used to print such supplements is "newsprint used in newspapers" and is exempt from taxation. Section 144.-030.3(7). The cause is remanded for proceedings consistent with this opinion.

DONNELLY, C. J., and WELLIVER, MORGAN and HIGGINS, JJ., concur.

RENDLEN, J., dissents.

BARDGETT, J., dissents in separate dissenting opinion filed.

BARDGETT, Judge, dissenting.

I would affirm the decision of the Administrative Hearing Commission for the reasons stated in my dissent in the companion case of *Daily Record Company v. James,* 629 S.W.2d 348 (Mo. banc 1982), decided concurrently herewith.

2. The director of revenue proceeded against the purchaser, Mars Enders, rather than the seller, Nordmann Printing Co., pursuant to § 144.-210.1 which provides in part:

[W]hen a purchaser has purchased tangible personal property or services sales tax free under a claim of exemption which is found to be improper, the director of revenue may collect the proper amount of tax, interest and penalty from the purchaser directly.