BRADLEY, Judge.
On August 20, 1981 Sears, Roebuck and Company (Sears) and Daniels Golden Rule Press, Inc. (Daniels) jointly filed with the Commissioner of Revenue of the State of Alabama a petition for refund of taxes paid through a mistake of fact or law pursuant to § 40-1-34, Code 1975, seeking a refund of sales taxes in the amount of $43,147.03 paid for the period August 20,1978 through March 31, 1981, with respect to the sale of newspaper advertising supplements from Daniels to Sears. The Commissioner denied the petition for refund of Sears and Daniels.
On June 22, 1982 Sears and Daniels sought review in the Circuit Court of Montgomery County, Alabama by way of a writ of mandamus of the Commissioner’s denial of their request for a refund.
After a hearing the circuit court entered an order requiring the Commissioner of Revenue to certify to the comptroller that the State owed Sears the sum of $43,147.03 with interest thereon, representing an overpayment of sales tax for the period of August 20, 1978 through May 31, 1981.
On May 2,1983 the Commissioner of Revenue appealed to the Supreme Court of Alabama the judgment entered in the sales tax case ordering a refund of sales tax to Sears. The supreme court transferred the case to this court for decision.
The primary issue raised in appellant’s brief is whether the payments by Sears to Daniels for the printing of newspaper advertising supplements are exempt from sales taxation. Appellee argues that the recent supreme court case of Eagerton v. Dixie Color Printing Corp., 421 So.2d 1251 (Ala.1982), is factually similar to the case sub judice and, therefore, the present case should be affirmed on the authority of Dixie Color. Appellant, on the other hand, argues that Dixie Color is distinguishable from the present case and should not be followed.
In Dixie Color, Dixie Color, a subsidiary of Buffalo Press, was a commercial printer located in Sylacauga, Alabama. They had a contractual agreement with Moore-Handley whereby Dixie Color printed newspaper advertising supplements for Moore-Handley for insertion into various newspapers for distribution. The supplements were printed with the intended purpose of being inserted and resold as a part and parcel of the newspapers. Dixie Color collected no sales tax from Moore-Handley, contending the sales of the supplements were exempt since they became an integral part of the newspapers.
In the present case Daniels is also a commercial printer located in the state of Alabama. Daniels had a contract with Sears to print newspaper advertising supplements for Sears for incorporation into various newspapers for distribution to their subscribers. Additionally, the newspaper supplements bore the name and date of a par *938 ticular edition of the newspapers into which they were mechanically inserted.
The only difference in the present case from Dixie Color is that a joint petition for refund of sales taxes was filed by Daniels and Sears, while in Dixie Color the petition for refund was brought solely by Dixie Col- or as the printer. Thus, the printer was the plaintiff in Dixie Color, while the printer, Daniels, and its customer, Sears, were plaintiffs in the trial court here. This technical difference in the posture of lawsuits in no way detracts from the fact that the substance of the transactions involved in the present case and Dixie Color are identical.
Clearly, every material fact in Dixie Col- or is also present in the instant case. We hold that the decision of the supreme court in Dixie Color is dispositive of this case. Thus, we affirm the trial court’s judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.