**INDIANA DEPARTMENT OF STATE REVENUE, Appellant (Defendant Below),**

v.

**L.S. AYRES & COMPANY, Appellee (Plaintiff Below).**

No. 4–185A10.

Court of Appeals of Indiana, Third District.

Dec. 16, 1985.

Rehearing Denied Jan. 23, 1986.

Linley E. Pearson, Atty. Gen., Dan S. Larue, Deputy Atty. Gen., Indianapolis, for appellant.

J.B. King, Thomas G. Stayton, Baker & Daniels, Indianapolis, for appellee.

Richard W. Cardwell, Gen. Counsel, Indianapolis, for amicus curiae.

HOFFMAN, Judge.

Appellant, the Indiana Department of State Revenue (the Revenue Department herein), seeks review of the trial court's judgment which awarded a refund for sales and use taxes paid by appellee L.S. Ayres & Company (Ayres herein) on its purchases of newspaper advertising inserts during the year 1976. On appeal from that judg-

ment, the Revenue Department asserts that the trial court erred by granting Ayres a refund. The sole issue which is dispositive of this appeal is as follows:

> whether advertisers' purchases of advertising inserts are subject to sales and use taxes, when the inserts are printed by private printers, bearing the name of the newspaper which they are inserted into and the date of the newspaper's edition, and are delivered directly to the newspaper publisher who stuffs the inserts into, and distributes them with the newspapers.

The taxing statute in effect at the time of the subject events, IND.CODE § 6–2–1–41, provided:

> "the use tax, is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased in a transaction, in this state or elsewhere at retail from a retail merchant, wherever located, for storage, use or other consumption in this state ...."

In addition, IND.CODE § 6–2–1–43 provided that the use tax does not apply to the storage, use or other consumption in Indiana of tangible personal property sold in a transaction exempt from gross retail tax. Further, IND.CODE § 6–2–1–39(b)(3) stated that the gross retail tax does not apply to the sale of newspapers. Therefore, this Court must initially determine whether the sale of the advertising inserts in question here, is a sale of newspapers.

This question is new to Indiana, but has been addressed in several other jurisdictions. The case with the facts most similar to those presented here, and with statutes most similar to Indiana's, is *Sears, Roebuck and Co. v. State Tax Commission* (1976), 370 Mass. 127, 345 N.E.2d 893.

The text of *Sears* reveals that those advertising supplements were produced by an independent printer, bearing the newspaper's logo and the date of the newspaper's edition, and were shipped by the printer directly to the newspaper publisher. The publisher inserted the supplements into the designated edition and distributed them with the newspapers. In its opinion the Supreme Judicial Court of Massachusetts stated:

> "Under G.L. c. 64H, § 6(m), sales of 'newspapers' are exempt from sales tax, and under G.L. c. 64I, § 7(b), use of property by the purchaser is exempt from use tax if the sale is exempt from sales tax. The board said that if the advertising material of Sears had been 'printed directly by the newspapers involved and sold to the public as part of the melange of news accounts, editorial opinion, sports stories, advice and gossip columns, advertising, commics etc., commonly understood in modern terms by the generic term "newspaper," there is little doubt that the transaction would have escaped taxation,' [citation omitted]. We agree, and we think the fact that the advertising supplements were not printed directly by the newspapers does not change the result."

345 N.E.2d at 895.

The Court determined that the sales of the advertising supplements by the printers to Sears were sales of newspapers under the statute and therefore, any subsequent use by Sears was exempt from the use tax. The Court relied upon the description of a newspaper given in *Friedman's Express, Inc. v. Mirror Transp. Co.* (D.N.J.1947), 71 F.Supp. 991. In *Friedman* the Court found that a newspaper was a sum total of its parts, and that each section is an integral part thereof because it assumes the character of the journal of which it is a part. *Sears* and *Friedman* were followed by the Courts in *Eagerton v. Dixie Color Printing Corp.* (1982), Ala., 421 So.2d 1251, and *Daily Record Co. v. James* (1982), Mo., 629 S.W.2d 348. *Also see, Eagerton v. Sears, Roebuck and Co.* (1983), Ala.Civ.App., 441 So.2d 936, 937.

There is no dispute in the present case as to the basic facts. Ayres contracted with a private printer to produce certain advertising inserts. The inserts include the name of the newspaper of which it is a supplement to, and the date of the newspaper's edition. The inserts are delivered by the printer directly to the newspaper publisher

who inserts the advertisements into the newspapers and distributes them along with the newspaper. In alignment with the reasoning of the Courts in *Friedman, Sears* and their progeny, it is clear that the advertising inserts in this case are newspapers. Therefore, the sale of the advertising inserts is not subject to the gross retail tax and no use tax may be imposed upon the storage use or consumption of the inserts. As a result, the trial court did not err when it awarded a refund to Ayres for the sales and use taxes it had paid.

Affirmed.

GARRARD, J., and CONOVER, J., by designation, concur.