## B. James Bodenstein, d/b/a Buyers' Digest v. State of Vermont, Department of Taxes

[510 A.2d 1314]

No. 85-097

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed April 4, 1986

*Gilbert Myers*, Essex Junction, for Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *Elizabeth Dennis Anderson*, Special Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Per Curiam.** This is an appeal from a superior court judgment affirming a sales and use tax assessment by the Commissioner of Taxes against B. James Bodenstein, doing business as the Buyers' Digest, for the period from February 1, 1972 through September 30, 1976. We affirm.

The Buyers' Digest is a publication containing advertising, public service announcements, a description of community events, and some news and amusement features. When the taxpayer acquired the publication in 1972, it was distributed free to approximately 11,100 people, and had about 300 paying subscribers. The Vermont Tax Department assessed a sales and use tax of $8,708.47 on equipment and supplies used by the taxpayer, pursuant to 32 V.S.A. §§ 9771 and 9773.

The taxpayer's main contention on appeal is that his purchases fell within the statutory exemption set out in 32 V.S.A. § 9741(14):*

> (14) Tangible personal property which becomes an ingredient or component part of, or is consumed or destroyed or loses its identity in the manufacture of tangible personal property for sale but does not include fuel and electricity; machinery and equipment for use or consumption directly and exclusively in the manufacture of tangible personal property for sale. . . . For the purposes of this subsection, "manufacture" includes extraction of mineral deposits, the entire printing and book-making process, and the entire publication process.

He argues that the equipment and supplies were used "in the manufacture of tangible personal property for sale," not because of sales to the readers, but because the taxpayer "sold" advertising space in the Buyers' Digest to his advertisers.

In *Hadwen, Inc.* v. *Department of Taxes*, 139 Vt. 37, 422 A.2d 255 (1980), we upheld a sales and use tax assessment in a case very similar to the one now before the Court. In that case, however, the taxpayer conceded that he did not sell his product. *Id.* at 39, 422 A.2d at 257. The appellant here asserts that advertisers whose support makes the publication possible are its real purchasers. In essence, he argues that the sale of space to advertisers

---

* The section was amended in 1974, but the change does not affect the issues in the present appeal.

is the functional equivalent of the sale of the publication to its readers. We disagree. The language of 32 V.S.A. § 9741(14) makes clear that the exemption is limited to "tangible personal property for sale." The sale of advertising space within a publication is not a sale of tangible personal property and is necessarily excluded.

*Sears, Roebuck & Co.* v. *State Tax Commission*, 370 Mass. 127, 345 N.E.2d 893 (1976), is not in point. In that case, the court held that an advertising supplement inserted into daily newspapers was necessarily sold when the newspaper itself was sold. *Id.* at 131, 345 N.E.2d at 896. The supplement was tangible personal property and was delivered together with, and as a part of, a newspaper sold in the ordinary sense. The case at bar is much closer to the facts in *Green* v. *Home News Publishing Co.*, 90 So. 2d 295, 296 (Fla. 1956), where the court's decision parallels the result we reach today. *Id.* at 296 (administrative determination that publication was "simply an advertising 'give-away,' [and therefore subject to tax not clearly erroneous] even though a modicum of local news and other material found in newspapers is included").

The taxpayer next argues that because some 300 copies of the Buyers' Digest are actually sold to subscribers, some or all of the exemption in question should be allowed. We reject this argument as the taxpayer failed to establish what supplies or even what percentage of the supplies included in the Tax Department's assessment were used to produce publications for sale. See 32 V.S.A. § 9813(a) ("all receipts for property or services of any type mentioned in paragraphs (1), (2) and (3) of section 9771 [the provision at issue in this case] . . . are subject to tax until the contrary is established . . . .").

The taxpayer argues finally that other similarly situated publications have been given different tax treatment by the Department. The one administrative appeal he discusses in support of his assertions, however, did not address the question of whether equipment and supplies used to produce newspapers distributed free of charge are subject to tax.

*Affirmed.*