## City of Williamsport v. Sun-Gazette

*Norman M. Lubin,* for plaintiff City of Williamsport.

*Nathan W. Stuart,* for plaintiff Williamsport Area School District.

*J. David Smith,* for defendant Sun-Gazette.

RAUP, *P.J.,* July 7, 1987—This is a declaratory judgment action brought by the City of Williamsport and the Williamsport Area School District against the Sun-Gazette Company to determine the applicability of the Business Privilege Tax imposed by plaintiffs on "preprint" advertising supplements, not manufactured by defendant, but delivered to defendant for insertion in, and circulation with, its newspaper. Pursuant to the Local Tax Enabling Act, 53 Pa.C.S. §6901 et seq., the city by ordinance and the school district by resolution have enacted business privilege taxes.

In their complaint, plaintiffs aver that defendant derives gross income from the preprinted inserts and allege that the income is thus subject to the business privilege tax and is not exempt by virtue of the manufacturing exception, 53 Pa.C.S. §6902(4). The exception prohibits a municipality or school district from levying, assessing or collecting a tax "on goods and articles manufactured in such politi-

cal subdivision . . . or on any privilege, act, or transaction related to the business of manufacturing. . . ." *Id.* Defendant's answer and new matter asserts the applicability of the manufacturing exception to the preprint on the grounds that the advertising supplements are component parts of defendant's newspaper.

The parties presented the case on stipulated facts. In addition to the stipulation defendant offered the testimony of James K. Gates, its national advertising director, and presented a videotape of the preprint insertion process. Mr. Gates solicits the preprints and insures their insertion into defendant's newspaper. He testified that the advertiser decides whether to use inserts or run-of-paper advertising, which is included in the text of the newspaper. The rates for the two types of advertising differ. Advertisers using run-of-paper ads are charged by the column inch, while insert advertisers are charged by the page, based on their contract with the Sun-Gazette Company. Advertisers do not pay if their ads are not printed.

Mr. Gates testified that the *Sun-Gazette* does not print the inserts. The advertiser contracts with a third party for the printing of the inserts, and that printer delivers the inserts to the *Sun-Gazette's* newspaper plant in Williamsport where the preprints are then inserted into the newspaper. The *Sun-Gazette* does not change the inserts in any way; they are merely inserted into the newspaper.

Defendant also submitted a videotape of the insertion process. Mr. Gates explained that the inserts and the newspapers are stacked separately on "jogging tables" to make sure that they are properly aligned. The videotape showed that the newspapers and inserts are placed on separate conveyor belts which allow the inserts to drop into the open news-

paper. Mr. Gates testified that the specifically designed equipment is used exclusively for the insertion process. Additionally, from 10 to 15 full-time and part-time employees are assigned exclusively to the insertion process.

To support their position that the business privilege tax applies to defendant's preprints, plaintiffs rely on the case of *Golden Triangle Broadcasting Inc. et al. v. City of Pittsburgh*, 483 Pa. 525, 397 A.2d 1147 (1979). In *Golden Triangle* the Supreme Court of Pennsylvania held that radio and television stations were not "manufacturers" with respect to programming and advertisements which were prepared outside the station's premises. In discussing the definition of manufacturing, the Supreme Court stated that a "superficial change" in original material, "without any substantial and well signalized transformation in form, qualities and adaptability in use is not manufacturing." *Id.* at 530, 397 A.2d at 1149 (citing *Commonwealth v. Deitch Company*, 449 Pa. 88, 295 A.2d 834 (1972)). Plaintiffs here claim that because defendant does not make any change in the preprinted insert, there is no new product being made and therefore, no manufacturing.

Defendant contends that the preprints are integral component parts of the newspaper and cannot be isolated from the editions in which they appear. In support of its position, defendant relies on the case of *Allentown v. Call-Chronicle Newspapers Inc.*, 85-C-1954, slip opinion (Lehigh County, March 12, 1987). The issue in *Call-Chronicle* was identical to the one presented here, i.e., whether a city's business privilege tax should apply to revenues derived from a newspaper's preprint. The court held that "the advertising supplement should . . . be considered to be a component and integral

524

part of the newspaper regardless of how it becomes part of the newspaper." Therefore, said the court, the business privilege tax does not apply to the newspaper's preprinted advertising.

As this issue was one of first impression in Pennsylvania at the time *Call-Chronicle* was decided, the court relied on cases from other jurisdictions to support its opinion. Among the cases it cited were *Sears Roebuck and Company v. State Tax Commission*, 345 N.E.2d 893 (Mass. 1976) (preprints are exempt from sales and use taxes since they are an integral part of a newspaper); *Daily Record Company v. James*, 629 S.W.2d 348 (Missouri 1982) (an advertising supplement is an integral part of a newspaper from the time it is printed; the supplement has no character of its own and is part of the newspaper when printed, since there is one continuous transaction from the production of the preprint to the distribution of the newspaper); *Eagerton v. Dixie Color Printing Corp.*, 421 So. 2d 1251 (Alabama 1982) (an advertising supplement is exempt from sales tax as an integral part of a newspaper); and *Appeal of K-Mart Corp.*, 710 P.2d 1304 (Kansas 1985) (preprinted supplements are exempt from a sales tax as component parts of a manufactured product). The *Call-Chronicle* court found that this line of cases excluding preprints from the business privilege tax to be "the more sound reasoning." *Call-Chronicle* at 12. The court stated that while the types of tax in the cases cited were different than the business privilege tax at issue, the legal principle remains the same. The newspaper was therefore entitled to the exception to the City of Allentown's business privilege tax. *Id*.

The Commonwealth Court of Pennsylvania has recently held that a preprinted advertising insert is a component part of an integrated newspaper with re-

spect to sales and use taxes. *Laneco Inc. v. Commonwealth,* 103 Pa. Commw. 355, 520 A.2d 542 (1987). The *Laneco* court followed the line of reasoning used in *Call-Chronicle, supra,* and stated that:

"The advertisements contained in a newspaper, whether inserts or ads printed by the newspaper itself, are of sufficient interest to a significant portion of the newspaper buying public so that those advertisements must be treated similarly to the comic sections or any other well-defined sections of the newspaper." *Id.* at 360, 520 A.2d at 544.

The court then concluded:

"Newspapers are exempted from sales and use taxes. As we believe that advertisements are part and parcel of any newspaper, these inserts as advertisements, are entitled to the exemption." *Id.* at 361, 520 A.2d at 545.

Furthermore, if there were any doubt as to whether the business privilege tax applies here, such doubts must be resolved in favor of the taxpayer. *Fischer v. Pittsburgh,* 383 Pa. 138, 142, 118 A.2d 157, 159 (1955). The Tax Enabling Act prohibits municipalities from taxing manufacturing or transactions related to manufacturing. Therefore, even if we were to hold that the preprints are not "manufacturing," the process is related to the business of manufacturing. It is clear that the printing and circulation of run of paper advertisements in a newspaper of general circulation constitutes manufacturing, and as such, is exempt from business privilege taxes. *City of Pittsburgh v. Pittsburgh Press Company,* 14 Pa. Commw. 551, 332 A.2d 390 (1974). Here, defendant uses labor and specially designed equipment to incorporate the preprints into its newspaper. Such activity could certainly be termed "related to the business of manufacturing."

Therefore, any doubts whether plaintiffs may impose the business privilege tax on defendant's activities with respect to the preprints must be resolved in defendant's favor.

For the foregoing reasons, we hold that the preprinted advertising supplements to defendant's newspaper, and activities relating to the insertion of the supplements are excepted from the business privilege tax of the City of Williamsport and Williamsport Area School District.

### ORDER

And now, July 7, 1987, it is ordered and directed that judgment shall be entered in favor of defendant, Sun-Gazette Company.