147 N.W.2d 903 (1966)
The BISMARCK TRIBUNE CO., a corporation, Forum Publishing Co., a corporation, Grand Forks Herald, Inc., a corporation, and the Minot Daily News, Inc., a corporation, Plaintiffs and Respondents,
v.
Lloyd OMDAHL, as the Tax Commissioner of the State of North Dakota, Defendant and Appellant.
No. 8223.
Supreme Court of North Dakota.
October 20, 1966.
*904 Wattam, Vogel, Vogel, Bright & Peterson, Fargo, and Shaft, Benson, Shaft & McConn, Grand Forks, for plaintiffs and respondents.
Helgi Johanneson, Atty. Gen., and Joseph R. Maichel and Kenneth M. Jakes, Sp. Asst. Attys. Gen., Bismarck, for defendant and appellant.
STRUTZ, Judge (On reassignment).
The plaintiffs are four newspaper publishers doing business within the State of North Dakota. They seek a declaratory judgment, adjudging that the purchase of newsprint in Canada and the purchase of ink in States outside the State of North Dakota, which newsprint and ink are used by them in the publication of their newspapers, are not subject to the North Dakota use tax. The defendant, on the other hand, asks that the plaintiffs be denied the relief demanded, and prays that the court adjudge that sales of newspapers, printed by the plaintiffs, be declared to be sales of a service, and not sales of tangible personal property, and that for that reason such sales are exempt from the North Dakota retail sales tax. The defendant contends that sales of the newsprint and the ink to the plaintiffs for use in their business of publishing newspapers are sales to the plaintiffs of tangible personal property, purchased at retail for storage, use, and consumption in this State, and that such sales are subject to the North Dakota use tax.
The issues involved on this appeal, briefly stated, are whether the sale of a newspaper to a customer constitutes a retail sale of tangible personal property within the meaning of the North Dakota sales and use tax statutes, or whether it is a sale of a service. If the sale of a newspaper to a customer constitutes a retail sale of tangible personal property, even though such sale is exempt from sales tax, then the sale of newsprint and ink to the plaintiffs for the purpose of printing and publishing newspapers would not be subject to the North Dakota use tax. If, however, the sale of a newspaper to a customer constitutes *905 sale of a service, and the sale of newsprint and ink constitutes a retail sale, such sale would be subject to the North Dakota use tax.
The plaintiffs raise the further question of whether the imposition of a use tax on newsprint purchased by the plaintiffs in Canadaif the sale of such newspaper is held to be a servicewould violate Article I, Section 10, clause 2 of the United States Constitution, which prohibits the States, without the consent of the Congress, from laying any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws.
The following are North Dakota statutes pertinent to the issues in this case:
Section 57-40-02, North Dakota Century Code, as amended, provides:
"An excise tax is imposed on the storage, use, or consumption in this state of tangible personal property purchased at retail for storage, use, or consumption in this state, at the rate of two and one-quarter percent of the purchase price of such property. * * *" [Chap. 399, 1963 S.L.]
The term "use" is defined by our statute as follows:
"2. `Use' shall mean the exercise by any person of any right or power over tangible personal property incident to the ownership or possession of that property, except that it shall not include processing, or the sale of that property in the regular course of business. * * *" [Sec. 57-40-01(2), N.D.C.C.]
"Property" is defined by our use tax statute as follows:
"3. Property used in `processing', as that term is used in subsection 2, shall mean any tangible personal property including containers which it is intended, by means of fabrication, compounding, manufacturing, producing or germination, shall become an integral or an ingredient or component part of other tangible personal property intended to be sold ultimately at retail; * * *" [Sec. 57-40-01(3), N.D.C.C., as amended by Sec. 2 of Chap. 364, 1961 S.L.]
Our statutes define who are included in the term "manufacturers." Section 57-02-07 provides:
"Every person who purchases, receives, or holds personal property of any description for the purpose of adding to the value thereof by any process of manufacturing, refining, rectifying, or by the combination of different materials, with a view of making gain or profit by so doing, shall be held to be a manufacturer, * * *"
A "sale" is defined as follows:
"2. `Sale' means any transfer of title or possession, exchange or barter, conditional or otherwise, in any manner or by any means whatsoever, for a consideration, and includes the furnishing of services relating to personal property, the furnishing or service of steam, gas, electricity, water, or communication, the furnishing of hotel, motel, or tourist court accommodations, the furnishing of tickets or admissions to any place of amusement, athletic event or place of entertainment including the playing of any machine for amusement or entertainment in response to the use of a coin, and sales of subscriptions to magazines and other periodicals regardless of whether or not such magazines or periodicals are to be delivered in the future and regardless of whether or not they are in existence at the time of the sale of any subscription; provided that the words `magazines and other periodicals' as used herein shall not include newspapers nor shall they include magazines, or periodicals that are furnished free by a nonprofit corporation or organization to its members or because of payment by its members of membership fees or dues; * * *" [Sec. 57-39-01(2), *906 N.D.C.C., as amended by Chap. 399, 1963 S.L.]
Thus our law provides that tangible personal property used in the business of manufacturing any article, which tangible personal property becomes an integral or component part of the personal property manufactured, compounded, or produced, is exempt from use tax.
The question to be determined, therefore, is whether a newspaper, when printed, is tangible personal property or. whether, as urged by the appellant, it is merely a service. Webster's Third International Dictionary defines "personal property" as "property other than real property consisting in general of things temporary or movable including intangible property." Thus "tangible" personal property would be personal property that can be touched or handled. The argument of appellant that a newspaper is a service is based, to a degree, on the fact that after it has been read it has no further value or use. That hardly seems to be a valid basis for determining the nature of the product resulting from the publication of a newspaper. If the fact that such product cannot be used after it has been read should be the determining factor, hundreds of items, such as paper towels, paper napkins, paper cups, and similar articles would have to be classed as services rather than personal property.
The Supreme Court of California has specifically held that newspapers are personal property. Bigsby v. Johnson (Cal.), 99 P.2d 268. See also State v. Advertiser Co., Inc., 257 Ala. 423, 59 So.2d 576, in which the court holds that a newspaper, when printed or published, is tangible personal property. Newspapers can be stolen, and clearly are tangible personal property.
It is true that the definition of a "sale" in the sales tax law specifically exempts newspapers from that tax. The fact that no sales tax is paid on newspapers does not necessarily mean that a use tax is imposed on the items which are used in the processing of the newspapers, if such items are exempt from such tax by the provisions of the use tax law. Are the newsprint and the ink tangible personal property used in the manufacture or production of other tangible property intended to be sold at retail, under Section 57-40-01 (3), North Dakota Century Code, as amended? We believe it cannot be denied that the newsprint and the ink purchased by the plaintiffs are combined by the process of printing and publishing into tangible personal property, the newspaper. The newsprint and the ink become ingredient or component parts of the newspaper, the product produced.
We hold, therefore, that newsprint and ink are ingredients and component parts of the tangible personal property produced, and thus come within the definition of "property used in processing," and exempt from use tax under the law above set forth.
The judgment of the district court is in all things affirmed.
TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.
MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.