1997 SD 13

**Beverly FELTROP, Appellant,**

v.

**SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES, Appellee.**

No. 19669.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1997.

Decided Feb. 19, 1997.

Todd A. Schweiger, Rapid City, for appellant.

Mark W. Barnett, Attorney General, Joan P. Baker, Assistant Attorney General, Pierre, for appellee.

SABERS, Justice.

[¶ 1] Recipient of Aid to Families with Dependent Children (AFDC) and Medicaid benefits was ruled ineligible for one month because her household's resources exceeded the maximum resource limit. The Department of Social Services and the circuit court held that a granddaughter's savings account from a personal injury settlement was a resource available to the household for purposes of AFDC and Medicaid eligibility. We affirm.

**FACTS**

[¶ 2] Beverly Feltrop (Feltrop) received AFDC and Medicaid benefits for over two years before this dispute arose. For eligibility determination, her household includes her, a grandson, and a granddaughter. Feltrop is the guardian of her granddaughter to administer a $1,354.47 savings account from a personal injury suit.

[¶ 3] The settlement was court-approved in May of 1992. Feltrop began to receive AFDC and Medicaid benefits in January of 1993. Although Feltrop always reported the account on relevant AFDC documents, it was not until a supervisory review was conducted

on her file that Department deemed the account a household resource. When it was determined that the account exceeded the $1,000 statutory maximum for household resources, Feltrop's benefits were terminated for the month of July, 1995. She appeals.

## STANDARD OF REVIEW

[¶ 4] Our standard of review in administrative appeals is well-established:

We will overrule an agency's findings of fact only when they are clearly erroneous. The question is not whether there is substantial evidence contrary to the agency finding, but whether there is substantial evidence to support the agency finding. In other words, even if there is evidence in the record which tends to contradict the Department's factual determination, so long as there is some "substantial evidence" in the record which supports the Department's determination, this court will affirm. Great weight is given to the findings made and inferences drawn by an agency on questions of fact. Conclusions of law are given no deference and are fully reviewable.

*Hendrix v. Graham Tire Co.,* 520 N.W.2d 876, 878–79 (S.D.1994) (citations and internal quotations omitted). We review the administrative agency's decision without any presumption that the circuit court's decision was correct. *Nilson v. Clay County,* 534 N.W.2d 598, 600 (S.D.1995).

[¶ 5] The Department is authorized to promulgate rules concerning the AFDC statute, which it has done.[1] In *Estate of He Crow v. Jensen,* 494 N.W.2d 186, 191 (S.D. 1992), this court stated, "[W]e construe administrative rules according to their intent as determined from the rule as a whole and other rules relating to the same subject." "Rule" is defined as "each agency statement of general applicability that implements, in-

---

1. SDCL 28–7–2 provides, in relevant part:
   The department of social services shall administer aid to families with dependent children and enforcement of child support obligations as defined in this chapter. The secretary of social services may adopt reasonable and necessary rules relating to the following areas:
   . . . . .
   (3) Criteria for application and eligibility for assistance, standard of need, and the amount

terprets, or prescribes law, policy, procedure, or practice requirements of any agency." SDCL 1–26–1(8). The courts of this state enforce agency rules once they are properly adopted by the Legislature. SDCL 1–26–6.8. The current Department of Social Services rules were adopted in 1981. SDCL 1–26A–1.1. "Administrative rules have the force of law and are presumed valid." *State v. Dorhout,* 513 N.W.2d 390, 394 (S.D.1994) (citations omitted); *accord Duffy v. Mortenson,* 497 N.W.2d 437, 439 (S.D.1993).

[¶ 6] Although we give great weight to the Department's rules, we give no deference to its conclusions of law in contested cases. Whether the Department correctly applied its rules presents a question of law; when resolution of a dispute presents a question of law we accord no deference to the conclusions reached by the Department or the circuit court. *Sioux Falls Newspapers, Inc. v. Secretary of Revenue,* 423 N.W.2d 806, 807 (S.D.1988) (citations omitted).

## [¶ 7] WHETHER A HOUSEHOLD MEMBER'S COURT-SUPERVISED "IRREVOCABLE" SAVINGS ACCOUNT MAY BE CONSIDERED IN DETERMINING AFDC AND MEDICAID ELIGIBILITY

[¶ 8] As already noted *supra* at note 1, Department is authorized to promulgate rules concerning eligibility of AFDC recipients. As part of that endeavor, it has defined the method by which granddaughter is included in Feltrop's eligibility assessment. *See* ARSD 67:12:01:01(5):

(5) "Assistance unit," an individual or a group of related recipients within a household whose needs are recognized in one AFDC grant[.]

of money payments[.]

Department also sets the ceiling on household resources. *See* ARSD 67:12:05:05:

> For an AFDC assistance unit, the maximum resource limit is $1,000. Real and personal property with an equity value of no more than $1,000 may be reserved for each assistance unit.

A bank account is expressly included as an available resource. *See* ARSD 67:12:05:07:

> Money on deposit in a bank is a liquid asset whether in a checking account, a savings account, or a certificate of deposit. Unless the conditions of § 67:12:05:77 [2] apply or the applicant or recipient produces clear and convincing evidence to the contrary, money held in a joint account is considered available to the applicant or recipient when the applicant or recipient has the power to draw on the account.

[¶ 9] Feltrop argues that the savings account is not "available" because it has "court-ordered irrevocable trust provisions" attached to it. Therefore, she argues, ARSD 67:12:05:07 does not control and the applicable rule is ARSD 67:12:05:10, which she claims authorizes Department to consider only *revocable* trusts as resources:

> The department shall consider personal property held in trust as a resource if the trust instrument is revocable, allows the administrator to sell property subject to the trust and use the proceeds to meet the needs of any member of the assistance unit, or allows the administrator to invade the principal and use the principal to meet the needs of any member of the assistance unit.

ARSD 67:12:05:10 (reproduced here in relevant part).

2. Feltrop did not assert, nor do we conclude, that any of the conditions of ARSD 67:12:05:77 apply in this case.

3. Feltrop did not previously request release of any funds from the account.

4. This statement is apparently in reference to ARSD 67:12:05:56:

> An applicant or recipient of assistance payments must take advantage of all resources to which the applicant or recipient is entitled, such as social security, workers' compensation, and unemployment compensation. Failure or refusal to do so affects the applicant's or recipient's eligibility status.

[¶ 10] The settlement order provides, in pertinent part:

> IT IS HEREBY ORDERED that the Report of Settlement by Guardians is approved and the balance on hand for [granddaughter] is $1,354.47 which shall be deposited in an *irrevocable* savings account at Telco Federal Credit Union.

> IT IS FURTHER ORDERED that the trustee shall not distribute such monies without prior approval of this Court.

(Emphasis added). Department contacted the Seventh Judicial Circuit to determine whether Feltrop was authorized to utilize the savings account for granddaughter's basic needs.[3] Department pointed out to the court that "a client must avail themselves to all sources of income and resources"[4] and inquired whether any circumstances would warrant withdrawal of the funds. Judge Trimble responded, "The Court would authorize the funds for the child's basic needs."

[¶ 11] Despite the tag "irrevocable" attached to the bank account by the settlement order, it is clear that the funds may be withdrawn. The order itself expressly permits for distribution of funds with court approval. The letter from Judge Trimble further demonstrates that the funds were and are available for disbursement. Feltrop could have petitioned the court for granddaughter's basic expenses. Therefore, the Department and the circuit court correctly concluded that the savings account is a resource available to Feltrop's household ("assistance unit") for purposes of AFDC and Medicaid eligibility and we affirm.

In addition to this regulation, SDCL 28–1–18 provides, in part:

> No person shall be eligible for any assistance or services from the state of South Dakota or its agencies or subdivisions until he has exhausted all other sources of assistance or services available to him or for which he would be eligible if he applied, including, but not limited to veteran's administration benefits, insurance, medical or hospital benefits, third party liability, U.S. public health services, bureau of Indian affairs, department of interior, Indian health service, or any other government or private entity, or any assistance or services provided by any agency of the United States government to an eligible person or to persons for whom the United States is responsible.

[¶ 12] MILLER, C.J., and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.

